UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR DA SILVA SIDINEI, (A-241-663-400),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-6080 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a native and citizen of Brazil, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As discussed below, this Court recommends that this action be dismissed as moot.

## I. BACKGROUND

Petitioner filed his petition for writ of habeas corpus on August 3, 2026, along with a motion for temporary restraining order and motion for appointment of counsel. (ECF Nos. 1, 3, 4.) Respondents filed an opposition to the motion for temporary restraining order, and the district court denied the motion and referred the matter to the magistrate judge. (ECF Nos. 8, 9.) On August 17, 2026, petitioner was ordered to file an amended petition within 21 days, and reminded of the parties' obligation to keep the Court apprised of their current addresses. (ECF No. 10.) Petitioner did not file an amended petition, and his copy of the order was returned as

undeliverable. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. On September 11, 2026, this Court noted that online immigration records reflected that petitioner was no longer in ICE custody, see https//locator.ice.gov/odis, and ordered respondents to file a status report addressing petitioner's status. (ECF No. 11.) On September 15, 2026, respondents filed a status report indicating petitioner was removed from the United States on August 11, 2026. (ECF No. 12.) On September 24, 2026, the Court ordered petitioner to show cause, within fourteen days, why this action should not be dismissed as moot. Fourteen days have now passed, and petitioner has not responded to the Court's order.

## II. DISCUSSION

Petitioner did not file an amended petition addressing respondents' claim that petitioner is subject to an order of removal under 8 U.S.C. § 1231(a)(6), and failed to show cause why this action should not be dismissed as moot in light of petitioner's apparent removal from the United States. For the following reasons, this Court recommends that this action be dismissed as moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record reflects that as of August 11, 2026, petitioner was no longer in immigration custody. (ECF No. 12.) Because petitioner is no longer in ICE custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody."); Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, at *1 (W.D. Wash. 2026)

(petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'" (citations omitted)). In light of petitioner's departure from the United States, the Court recommends that this action be dismissed as moot.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of habeas corpus (ECF No. 1) be dismissed as moot.
2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/silv6080.fsc.moot.2241.imm